BENJAMIN B. WAGNER
United States Attorney
NIRAV K. DESAI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:13-CR-0388 MCE |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| NORBERTO PRADO-MACIAS,<br>  aka Jorge Macias Sevilla,<br>  aka Jorge D. Macias Sevilla, | DATE: February 6, 2014<br>TIME: 9:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |
| Defendant. | |

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a status conference on February 6, 2014.

2. By this stipulation, defendant now moves to continue the status conference until the next available date, February 27, 2014, and to exclude time between February 6, 2014, and February 27, 2014, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes 72 pages of documents from the defendant's immigration file. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

      b)     The parties anticipated that the defendant would plead guilty and request immediate sentencing on February 6, 2014, consistent with the Department of Justice's Fast-Track Immigration Prosecution Program.

      c)     On February 4, 2014, counsel for the defendant advised the government and the Court that due to an urgent medical issue, he would be unable to attend court with his client on February 6, 2014.

      d)     Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would deny the defendant continuity of counsel.

      e)     The government does not object to the continuance.

      f)     Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      g)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 6, 2014 to February 27, 2014, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

////
////
////
////
////
////
////
////
////

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: February 4, 2014

BENJAMIN B. WAGNER
United States Attorney

/s/ NIRAV K. DESAI
NIRAV K. DESAI
Assistant United States Attorney

Dated: February 4, 2014

/s/ Nirav Desai for Gilbert Roque (as authorized on Feb. 4, 2014)
GILBERT ROQUE, ESQ.
Counsel for Defendant

**ORDER**

IT IS SO ORDERED.

Dated: February 6, 2014

MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT